UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STACI L. WILLIAMS,

       Plaintiff,

v.                                Case No.:    3:13-cv-1071-J-32PDB

DONALD S. FREEDMAN, M.D., P.A.,

       Defendant.

_____/

## ORDER

This case is before the Court on Defendant's Motion in Limine (Doc. 42), in which Defendant seeks to exclude from the pending jury trial a letter of determination by the Equal Employment Opportunity Commission (EEOC), as well as evidence of Plaintiff's receipt of worker's compensation benefits. The Court has considered Defendant's Motion, Plaintiff's Response (Doc. 43), and the relevant exhibits. The Court also heard oral argument at the February 19, 2015 pretrial conference. (Doc. 44). For the reasons set forth below, Defendant's Motion is due to be granted in part and denied in part.

### I.    Background

At all relevant times, Defendant[1] owned and operated two doctor's offices in Jacksonville, Florida, one on the city's Northside and the other on its Southside. Plaintiff, who is African-American, worked as a receptionist at Defendant's Northside

---

[1]     "Defendant" refers to the business, rather than Dr. Freedman personally.

office from March 2008 until May 2009.  Among Plaintiff's daily responsibilities were making appointments for patients, checking patients in and out, collecting payments, and accounting for payments at the end of each day.  (Doc. 25 at 1).  Defendant terminated Plaintiff's employment when the business's office manager, Sharon Wilson, discovered that $1,375 in cash payments were unaccounted for in office records.  Wilson reported the alleged theft to the Jacksonville Sheriff's Office (JSO), and provided information regarding the missing money.  (Doc. 22-1 at 5).  JSO arrested Plaintiff in August 2009 for grand theft, but the State Attorney's Office subsequently dropped the charge.  (Doc. 22-4 at 57-58, 61).  Plaintiff alleges, among other things, that other employees were responsible for handling office records and cash payments as well, but that Defendant singled her out because of her race and wrongfully terminated her employment in violation of Title 42, United States Code, Section 1981.[2]  After Defendant terminated Plaintiff, she filed a complaint with the EEOC and sought worker's compensation benefits.

## II.  Discussion

### A. The EEOC Letter of Determination is not admissible under Fed. R. Evid. 403

In April 2011, the EEOC completed its investigation into Plaintiff's complaint and issued a two-page Letter of Determination, which found that Defendant had discriminated against Plaintiff on the basis of her race.  (Doc. 42-1).  In three brief

---

[2]     The Complaint alleged that Defendant terminated Plaintiff's employment on account of her race, in violation of the Florida Civil Rights Act of 1992, codified at Fla. Stat. § 760.01 et seq. (Count I); that Defendant caused her to be falsely arrested (Count II); and that in firing her, Defendant discriminated against her because of her race, in violation of 42 U.S.C. § 1981 (Count III).  (Doc. 2 at 3-6).  Plaintiff dismissed Count I, so only Counts II and III remain.  (Doc. 38).

paragraphs, the Letter described Plaintiff's allegations and Defendant's responses before concluding that Defendant violated Title VII. Id. at 1-2.

Although "the probative value of an EEOC determination ordinarily outweighs any possible prejudice to the defendant in a bench trial,… there may be some circumstances in which the probative value of an EEOC determination is trumped by the danger of creating unfair prejudice in the minds of a jury." Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1288 (11th Cir. 2008) (internal quotation omitted). Factors relevant in determining whether to admit such a letter include whether: (1) the determination contains legal conclusions in addition to factual content; (2) questions of trustworthiness are raised under Fed. R. Evid. 803(8)(B); and (3) the evidence presents prejudice issues under Fed. R. Evid. 403. Barfield v. Orange Cnty., 911 F.2d 644, 650 (11th Cir. 1990); Cormack v. N. Broward Hosp. Dist., No. 08-61367-CIV, 2009 WL 2848998, at *3 (S.D. Fla. Aug. 28, 2009).

In Anderson v. Triad Intern. Maitenance Corp., No. 3:11-cv-3-J-32TEM, 2012 WL 2044968, at *13-14 (M.D. Fla. Jun. 6, 2012), this Court decided, in granting summary judgment for the defendant, that a very similar two-page EEOC letter was likely inadmissible.  Applying the Barfield factors, the Court first found that the letter's conclusory statement that there was reasonable cause to believe the defendant had violated Title VII was "not simply a finding of fact but a legal conclusion that is likely to confuse a jury into thinking that the decision as to whether discrimination occurred has already been made by a federal agency." Anderson, 2012 WL 2044968 at *14 (quoting Cormack, 2008 WL 2848998 at *1).  Second, the Court

explained that there were issues of trustworthiness with the EEOC letter because it did not adequately explain the evidentiary basis for the decision, nor did it describe what witnesses the investigator interviewed or what documents he reviewed. Anderson, 2012 WL 2044968 at *14.  Third, the Court observed that, "given the conclusory nature of the determinations" and problems with trustworthiness, the letter's legal conclusions carried "a serious risk of unfair prejudice." Id.  The Court explained that, in light of the legal conclusions stated in the EEOC's letter, "it [would] be difficult for the jury to exercise their responsibilities as the finders of fact in evaluating the evidence before them." Id. (quoting Lee v. Exec. Airlines, Inc., 31 F.Supp.2d 1355, 1358 (S.D. Fla. 1998)).

The same concerns present in Anderson exist here.  First, the EEOC's Letter of Determination twice states a legal finding in conclusory fashion.  On page one, the Letter states that "the Commission finds that the evidence obtained does establish a violation under Title VII." (Doc. 42-1 at 1).  After briefly summarizing Plaintiff's complaint and Defendant's responses, the Letter then states that "I have determined that the evidence obtained during the investigation establishes a violation of Title VII of the Civil Right Act [sic] of 1964…" Id. at 1-2.  This last statement is a legal conclusion nearly identical to that contained in the EEOC's letter in Anderson. Compare Doc. 42-1 at 2 with Anderson, 2012 WL 2044968, at *14.  As the Letter contains legal conclusions on the precise issue to be decided, rather than mere factual findings, it "is likely to confuse a jury into thinking that the decision as to whether discrimination occurred has already been made by a federal agency." Cormack, 2008

4

WL 2848998, at *1.  Second, the Letter's cursory description of the factual basis for the decision, even if slightly more complete than other EEOC letters, still creates concern about the thoroughness of the investigation and the trustworthiness of its conclusions.  The Letter describes the evidence in three short paragraphs, of which two merely recount Plaintiff's allegations and Defendant's responses.  See Doc. 42-1 at 1.  The Letter does not describe which witnesses were interviewed, the substance of those interviews, what documents the investigator reviewed, or the content of the documents.  Moreover, the facts that are described in the Letter appear to be cumulative of facts that Plaintiff is likely to introduce at trial through other sources, so its probative value is minimal.[3]  Finally, the Letter's conclusory legal findings, in conjunction with the cursory nature of its factual justification, threatens Defendant with unfair prejudice.  Anderson, 2012 WL 2044968, at *14.  "[I]t is distinctly possible that the jury [would] attach undue weight to the authoritative and personalized conclusions of the… [EEOC] inspector, thus creating unfair prejudice."  Lee, 31 F.Supp.2d at 1358.  "Because this determination comes with the imprimatur of government approval, a jury could readily give the EEOC's conclusions greater weight than they should otherwise be accorded, thus usurping the role of the jury as a factfinder."  Roberts v. Wal-Mart Stores, Inc., Civil Action No. 95-0059-H, 1997 WL 38138, at *2 (W.D. Va. Jan. 28, 1997).  Thus, because the EEOC Letter sheds little new light on the facts of the case, but carries the real risk that the jury will give undue weight to its conclusory finding of discrimination, the risk of prejudice to

---

[3]     And because the Letter does not contain any facts that Plaintiff could not introduce through other sources, its exclusion is also unlikely to prejudice Plaintiff.

Defendant substantially exceeds its probative value.  Defendant's motion in limine to exclude the Letter is therefore due to be granted.[4]

## B. The worker's compensation Notice of Determination is admissible

In June 2009, the state's Agency for Workforce Innnovation – Unemployment Compensation Program ("Agency") issued a "Notice of Determination," which awarded Plaintiff unemployment benefits upon a finding that "[t]he claimant was discharged for failing to meet the employer's job performance requirements.  No information has been submitted which substantiates misconduct."  (Doc. 30 at 5).  Florida law provides that:

> Any finding of fact or law, judgment, conclusion, or final order made by a[n unemployment compensation] hearing officer, the commission, or any person with the authority to make findings of fact or law in any proceeding under this chapter is not conclusive or binding in any separate or subsequent action or proceeding, other than an action or proceeding under this chapter, between an individual and his or her present or prior employer brought before an arbitrator, court, or judge of this state or the United States…

Fla. Stat. § 443.0315 (2009).  Defendant contends that the Agency's Notice of Determination (Doc. 30 at 5), which contains a hearing officer's finding that Plaintiff was eligible for unemployment benefits and that Defendant's accusation of misconduct was unsubstantiated, is inadmissible under Florida law.  Defendant also contends that the Notice is inadmissible under Federal Rule of Evidence 403 as being substantially more prejudicial than probative.

---

[4]     Although not discussed in Defendant's Motion in Limine or Plaintiff's Response, Defendant also wrote letters to the EEOC in defending against Plaintiff's complaint.  At the final pretrial conference held on February 19, 2015, Defendant conceded that those letters may be admissible as admissions by a party opponent.

However, Plaintiff does not intend to introduce the Notice for any purpose prohibited under Fla. Stat. § 443.0315, i.e., to bind the Court to any findings of fact or law made by the unemployment hearing officer.   Nor does Plaintiff seek to introduce the Notice to prove the validity of her claim for wrongful termination in general.   Rather, Plaintiff wants to introduce a copy of the Notice because of a handwritten note it bears.   In an apparent response to the Notice's statement that "[n]o information has been submitted which substantiates misconduct," the writer underlined the word "misconduct" and wrote "[p]erforming illegal activities, matter turned over to the Jacksonville Sheriff's Office." (Doc. 30 at 5).  The note reflects that the writer, who Plaintiff says she can prove was Defendant's office manager, disagrees with the Notice and asserts Plaintiff was fired for breaking the law. Because Defendant now contends that it terminated Plaintiff essentially for doing her job improperly, Plaintiff wants to introduce the copy of the Notice to impeach Defendant for its allegedly shifting positions.  (See Doc. 43 at 3-4).

The Court is sensitive to the possibility that, as with the EEOC Letter, there is a risk the jury could give undue weight to the hearing officer's determination that Plaintiff was terminated for a reason other than misconduct.  In contrast to the EEOC Letter, however, the Notice has probative value that is not substantially outweighed by the risk of prejudice.  The handwritten note is potentially indicative of Defendant having inconsistent explanations for terminating Plaintiff, which is also relevant to trying to prove that Defendant's reason for terminating her was pretextual.  See Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1325-26 (11th Cir. 2011) (where a §

1981 claim is based on circumstantial evidence, the plaintiff has made out a <u>prima facie</u> case of discrimination, and the defendant has posited a legitimate, non-discriminatory reason for its action, the burden shifts back to plaintiff to show that the defendant's reason was merely pretext for unlawful discrimination).  Moreover, the handwritten note does not appear to be merely duplicative of other evidence Plaintiff could likely introduce through other sources.  Because the Court can limit the threat of prejudice with an appropriate jury instruction, and because the handwritten note may be relevant to an important issue in the case, exclusion of the Notice under Rule 403 is unwarranted.[5]  And because Plaintiff does not wish to use the Notice to bind the Court to any prior factual or legal determinations, its admission is not inconsistent with Fla. Stat. § 443.0315.[6]  Therefore, Defendant's motion in limine to exclude the Notice of Determination is due to be denied, although the Court will entertain proposed limiting instructions regarding the Notice and receipt of unemployment benefits.[7]

Accordingly, it is hereby

---

[5] When submitting proposed jury instructions, the Court invites the parties to propose limiting instructions in regard to the unemployment compensation Notice of Determination.

[6] The collateral source rule does not apply to unemployment benefits received following a termination in violation of Title VII, Civil Rights Act of 1964, Pub.L. 88-352, 78 Stat. 241. <u>Brown v. A.J. Gerrard Mfg. Co.</u>, 715 F.2d 1549, 1551 (11th Cir. 1983) (<u>en banc</u>).  The Court will also, if requested, instruct the jury that it should not reduce Plaintiff's compensatory damages on account of receiving unemployment benefits.

[7] The parties also indicated at the February 19 pretrial conference that there is another document related to Plaintiff's receipt of unemployment benefits, which contains a typed statement relating to Defendant's position as to why it terminated Plaintiff's employment.  As with the handwritten note on the Notice of Determination, that document may be admitted as well for the limited purpose of illustrating Defendant's changed position.

**ORDERED:**

1. Defendant's Motion in Limine (Doc. 42) is **GRANTED** insofar as the EEOC's Letter of Determination is concerned.  Plaintiff may not introduce the EEOC Letter or make reference to it at trial.

2. Assuming Plaintiff can prove the authorship of the notes on the unemployment compensation Notice of Determination, Defendant's Motion in Limine is **DENIED**.  The Court will consider proposed limiting instructions as stated herein.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of February, 2015.


TIMOTHY J. CORRIGAN
United States District Judge


lc 19
Copies:
Counsel of record
Plaintiff
Defendant